**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  **Scott H. Richardson**                             Case No.:  **17-23522**
                                                            Judge:     **Kathryn C. Ferguson**
                Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required           Date:  **10-9-2018**
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **KBE**    Initial Debtor: **SHR**    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor has paid to date **43,375.00** to the Chapter 13 Trustee and starting on **November 1, 2018** $**3000.00** monthly for approximately **45** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
   - ☑ Future Earnings
   - ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
   - ☐ Sale of real property
     Description:
     Proposed date for completion: _____
   - ☐ Refinance of real property:
     Description:
     Proposed date for completion: _____
   - ☑ Loan modification with respect to mortgage encumbering property:
     Description: **81 Walnut Avenue, Somerset, NJ**
     Proposed date for completion: **3-31-2019**

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     **X** NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Kirsten B. Ennis 049501993** | **Attorney Fees** | **3500.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
   ☑ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been

| | | | |
|---|---|---|---|
| assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4): | | | |
| Creditor | Type of Priority | Claim Amount | Amount to be Paid |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Green Tree Servicing L | 81 Walnut Avenue Somerset, NJ 08873 Somerset County 81 Walnut Avenue, Somerset NJ 08873- owned joint with spouse- single family home | 39,333.55 | 0.00 | 39,333.55 | 2033.79 |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Bank of America**
**Wells Fargo Hm Mortgag**

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Barbara Ann Mellor Holmes** | lawsuit | 23,373.86 |
| **Cach of NJ, LLC** | judgment lien | 8792.68 |
| **John Baron, Esq.** | 7 Brinton Court Brick, NJ 08723  Ocean County<br>7 Briton Court Brick, NJ 08723- no liens against the property | 39,762.00 |
| **Johnny on the Spot** | jugdment lien | 1115.86 |
| **Overlook Hospital** | judgment lien | 3165.56 |

## Part 5:  Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐     Not less than $____ to be distributed *pro rata*

☑     Not less than **100** percent

☐     *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases     X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected,

except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
    The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

    The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

    The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

    a. **Vesting of Property of the Estate**
       ☑ Upon Confirmation
       ☐ Upon Discharge

    b. **Payment Notices**
    Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

5

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

    **d. Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification  ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **3-9-2018**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Modified to remove loan modification of mortgage on Killcourse Street and extend time modification on Walnut Street.** | **Modified to remove loan modification of mortgage on Killcourse Street and extend time modification on Walnut Street.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **October 9, 2018**    /s/ Scott H. Richardson
    **Scott H. Richardson**
    Debtor

Date: _____    _____
    Joint Debtor

6

| Date | October 9, 2018 | /s/ Kirsten B. Ennis |
|---|---|---|
| | | **Kirsten B. Ennis 049501993** |
| | | Attorney for the Debtor(s) |

```
                              United States Bankruptcy Court
                                    District of New Jersey
In re:                                                                    Case No. 17-23522-KCF
Scott H. Richardson                                                       Chapter 13
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0312-3           User: admin                  Page 1 of 2                  Date Rcvd: Oct 16, 2018
                               Form ID: pdf901              Total Noticed: 30


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 18, 2018.
db             +Scott H. Richardson,    81 Walnut Avenue,    Somerset, NJ 08873-1445
aty            +James Patrick Shay,    Phelan Hallinan Diamond Jones, LLP,    1617 JFK Blvd.,    One Penn Center,
                 Suite #1400,    Philadelphia, PA 19103-1814
aty            +John M. Baron,    6221 SE Winged Foot Drive,    Stuart, FL 34997-8655
cr             +HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR,    Phelan Hallinan & Schmieg, PC,
                 400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
516917326      +Bank of America,    PO Box 722929,    Houston, TX 77272-2929
517045349       Bank of America, N.A.,    Bank of America,    P.O. Box 31785,    Tampa, FL 33631-3785
516917327      +Barbara Ann Mellor Holmes,    c/o Louis H. Miron, Esq.,    PO Box 2956 - 220 Lenox Avenue,
                 Westfield, NJ 07091-2956
517015956      +Barbara Mellor-Holmes,    Louis H. Miron, Esq.,    11 Commerce Dr., Suite 308,
                 Cranford, NJ 07016-3513
516917328      +Cach of NJ, LLC,    C/O Harrison Ross Byck,    229 Palaza Blvd,    ste 112,
                 Morrisville, PA 19067-7601
516917329      +Eastern Account System INC.,    Attn: Bankruptcy Dept.,    Po Box 837,    Newtown, CT 06470-0837
516917330     #+Eastern Account System INC.,    75 Glen Rd Ste 110,    Sandy Hook, CT 06482-1175
517072905       HSBC Bank USA, National Association et.al.,    Wells Fargo Bank, N.A.,
                 Default Document Processing,    N9286-01Y,    1000 Blue Gentian Road,    Eagan MN 55121-7700
516917333      +IC System,    Po Box 64378,    Saint Paul, MN 55164-0378
516917332      +IC System,    Attn: Bankruptcy,    444 Highway 96 East; Po Box 64378,    St. Paul, MN 55164-0378
516917335      +John Baron, Esq.,    Po Box 2175,    Hobe Sound, FL 33475-2175
516917336      +Johnny on the Spot,    Kathleen R. Wall,    2640 Highway 70,    PO Box A,
                 Manasquan, NJ 08736-0631
516917338      +Merc Adj Bur,    6390 Main St S-160,    Williamville, NY 14221-5859
516917337      +Merc Adj Bur,    Po Box 9016,    Williamsville, NY 14231-9016
516917339      +Overlook Hospital,    99 Beauvoir Avenue,    Summit, NJ 07901-3595
516917341     ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                 ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
                (address filed with court: Wells Fargo Hm Mortgag,      8480 Stagecoach Cir,
                 Frederick, MD 21701)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 17 2018 00:37:13      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 17 2018 00:37:11       United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517157835       E-mail/PDF: resurgentbknotifications@resurgent.com Oct 17 2018 00:42:34
                 CACH, LLC C/O Resurgent Capital Services,    P.O. Box 10675,    Greenville, SC 29603-0675
517520566       E-mail/PDF: resurgentbknotifications@resurgent.com Oct 17 2018 00:42:35
                 CACH, LLC C/O Resurgent Capital Services,    PO Box 10587,    Greenville, SC  29603-0587
517149906      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 17 2018 00:53:22       Directv, LLC,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
516967984       E-mail/Text: bankruptcy.bnc@ditech.com Oct 17 2018 00:36:45
                 Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
                 Rapid City, South Dakota 57709-6154
516917331       E-mail/PDF: gecsedi@recoverycorp.com Oct 17 2018 00:41:56      Green Tree Servicing L,
                 332 Minnesota St Ste 610,    Saint Paul, MN 55101
516917334      +E-mail/Text: collections@jeffersonassociates.com Oct 17 2018 00:37:19       Jefferson Associates,
                 3 Coral St,    Edison, NJ 08837-3242
517139565      +E-mail/Text: bankruptcydpt@mcmcg.com Oct 17 2018 00:37:10
                 Midland Credit Management, Inc. as agent for,    Asset Acceptance LLC,    Po Box 2036,
                 Warren MI 48090-2036
517048604      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 17 2018 00:53:22      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516917340        Spouse
516917324     ##+ACB Receivables Management,    Po Box 350,    Asbury Park, NJ 07712-0350
516917325     ##+ACB Receivables Management,    19 Main St,    Asbury Park, NJ 07712-7012
                                                                                              TOTALS: 1, * 0, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

```
District/off: 0312-3          User: admin                Page 2 of 2                  Date Rcvd: Oct 16, 2018
                              Form ID: pdf901            Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2018                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2018 at the address(es) listed below:

```
          Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo    docs@russotrustee.com
          Denise E. Carlon    on behalf of Creditor    Ditech Financial LLC dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Kirsten B. Ennis    on behalf of Debtor Scott H. Richardson pacerecf@ennislegal.com,
           r53278@notify.bestcase.com
          Nicholas V. Rogers    on behalf of Creditor    HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR
           GSAA HOMEEQUITY TRUST 2005-7 nj.bkecf@fedphe.com
          Rebecca Ann Solarz    on behalf of Creditor    Ditech Financial LLC rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William M.E. Powers    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
          William M.E. Powers, III    on behalf of Creditor    Bank of America, N.A. ecf@powerskirn.com
                                                                                             TOTAL: 9
```